**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv56
(1:05cr249)**

| | |
|---|---|
| **CORY WILLIAM JONES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **ORDER and NOTICE** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, filed February 2, 2005 [Doc. 1]; and on Respondent's Motion for Summary Judgment, filed August 31, 2009 [Doc. 7]. After careful review of Respondent's Motion, the Court finds that Respondent may be entitled to a judgment as a matter of law.

**PETITIONER JONES, PLEASE READ THIS CAREFULLY:**

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u>, of the heavy burden that he carries in responding to Respondent's Motion. Indeed, the Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). An unsworn statement, made and signed under the penalty of perjury, also may be submitted.

Affidavits or unsworn statements must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order. **As stated by Rule 56(e)(2), Petitioner's failure to respond may result in granting Respondent's Motion for Summary Judgment, that is, in the dismissal of Petitioner's Motion to Vacate with prejudice**.

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty (30) days from the entry of this Order to file his response, including any evidence, to Respondent's Motion for Summary Judgment.

The Clerk is directed to send copies of this Order and Notice to the parties.

**IT IS SO ORDERED**.

Signed: February 12, 2010

Martin Reidinger
United States District Judge