# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:09-cv-00056-MR
## [Criminal Case No. 1:05-cr-00249-MR-1]

| | |
|---|---|
| CORY WILLIAM JONES, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's "Motion to Revisit Section § 2255 Pursuant to Rule 60(b)" [Doc. 22].

## I. BACKGROUND

On January 9, 2006, Petitioner pled guilty to conspiracy to manufacture with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. In exchange for the guilty plea, the Government agreed to dismiss a charge against Petitioner for use of a firearm during drug-trafficking under 18 U.S.C. § 924(c). The parties also agreed that a two-level sentencing enhancement for the presence of a firearm was applicable under U.S.S.G. § 2D1.1. [Criminal Case No. 1:05-cr-00024, Doc. 43: Entry and Acceptance of Guilty

Plea]. On January 4, 2007, this Court sentenced Petitioner to 210 months of imprisonment. The Court entered its judgment on January 23, 2007. [Id., Doc. 73: Judgment].

On October 11, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v. Jones, 250 F. App'x 579, 580 (4th Cir. 2007). The Supreme Court denied Petitioner's petition for writ of certiorari on February 19, 2008. Jones v. United States, 552 U.S. 1219 (2008).

On February 5, 2009, Petitioner filed a motion to vacate his conviction and sentence. On March 19, 2012, the Court denied Petitioner's motion to vacate on the merits. [Doc. 15]. On January 21, 2014, Petitioner filed the pending motion for reconsideration. [Doc. 22]. Petitioner contends that his conviction and sentence is unconstitutional in light of the U.S. Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable

authority and concludes that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.  DISCUSSION

Although Petitioner has styled his motion as one brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Court finds that the motion is, in fact, second, a successive petition under Section 2255.  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (finding that a Rule 60(b) motion arguing for relief based on a substantive change in the law is in effect a second or successive habeas proceeding and should be examined as a Section 2255 motion); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (observing that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, Petitioner's successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion will be dismissed as a successive Section 2255 petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

---

[1] In any event, Alleyne does not apply to Petitioner because Petitioner was not subject to a mandatory minimum sentence based on any finding of fact by this Court, as opposed to a jury. Furthermore, Alleyne has not been held to apply retroactively on collateral review.

assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion to Revisit" [Doc. 22] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 18, 2014

Martin Reidinger
United States District Judge